AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**FILED**

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of California

JUN 0 7 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

|  |  |
|---|---|
| BRENT EUGENE BAILEY, | ) |
| _____ | ) |
| *Petitioner* | ) |
| v. | ) |
| WARDEN, FCI Herlong, | ) |
| _____ | ) |
| *Respondent* | ) |

Case No. 2:23CV1087-EFB (HC)
*(Supplied by Clerk of Court)*

*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name:   Brent Eugene Bailey

   (b) Other names you have used:    N/A

2. Place of confinement:

   (a) Name of institution:    FCI Herlong

   (b) Address:    P.O. Box 800

   Herlong, CA 96113

   (c) Your identification number:    Reg. No. 24035-086

3. Are you currently being held on orders by:

   ☑ Federal authorities       ☐ State authorities       ☐ Other – explain:

4. Are you currently:

   ☐ A pretrial detainee (waiting for trial on criminal charges)

   ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

   If you are currently serving a sentence, provide:

   (a) Name and location of court that sentenced you:    District of Montana (Great Falls)

   (b) Docket number of criminal case:    4:12-cr-00025-SEH-1

   (c) Date of sentencing:   09/13/2012

   ☐ Being held on an immigration charge

   ☐ Other *(explain)*:    N/A

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.   What are you challenging in this petition:

☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☑ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain)*: _____

_____

6.   Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:   District of Montana (Great Falls)

(b) Docket number, case number, or opinion number:      4:12-cr-00025-SEH-1

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

Career Offender Enhancement.

(d) Date of the decision or action:   09/13/2012

## Your Earlier Challenges of the Decision or Action

7.   **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☐ Yes                    ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:  N/A

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

(b) If you answered "No," explain why you did not appeal: _____

_____

_____

8.     **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes               ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:   N/A _____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

_____

(b) If you answered "No," explain why you did not file a second appeal: _____

_____

9.     **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes               ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____
_____

(b) If you answered "No," explain why you did not file a third appeal:     N/A _____

_____
_____

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☑Yes                    ☐No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☑Yes                ☐ No

If "Yes," provide:

(1) Name of court: District of Montana (Great Falls) _____

(2) Case number:    4:12-cr-00025-SEH-1 _____

(3) Date of filing:  08/23/2013 _____

(4) Result:    Denied _____

(5) Date of result:  08/26/2013 _____

(6) Issues raised:    Ineffective Assistance of Counsel _____

_____
_____
_____
_____
_____

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A),
seeking permission to file a second or successive Section 2255 motion to challenge this conviction or
sentence?

☐ Yes                ☑No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____
_____

(c)   Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
      conviction or sentence:     § 2255 is inadequate or ineffective by satisfying the following conditions:

      (1) "the existence of a new interpretation of statutory law,"

      (2) "issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct
          appeals or subsequent motions,"

      (3) that is retroactive, and

      (4) applies to the petition's merits such that it is "more likely than not that no reasonable juror would have
          convicted" the petitioner.

11.   **Appeals of immigration proceedings**

      Does this case concern immigration proceedings?

      ☐ Yes              ☑ No

          If "Yes," provide:

(a)   Date you were taken into immigration custody:

(b)   Date of the removal or reinstatement order:

(c)   Did you file an appeal with the Board of Immigration Appeals?

          ☐ Yes                    ☐ No

          If "Yes," provide:

          (1) Date of filing:

          (2) Case number:

          (3) Result:

          (4) Date of result:

          (5) Issues raised:

(d)   Did you appeal the decision to the United States Court of Appeals?

          ☐ Yes                    ☑ No

          If "Yes," provide:

          (1) Name of court:

          (2) Date of filing:

          (3) Case number:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes          ☑ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**   Bailey's prior conviction of Conspiracy to Distribute Methamphetamine no longer qualifies as a a "Controlled Substance" offense under the Career Offender Guidelines, requiring resentencing without the Career Offender Enhancement.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
Please see Memorandum of Law in Support.

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes          ☑ No

**GROUND TWO:** N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☐ No

**GROUND THREE:** N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**   N/A

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Four in all appeals that were available to you?

☐ Yes                    ☐ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did
       not: _____

_____

_____

_____

## Request for Relief

15.  State exactly what you want the court to do:  Bailey's sentence should be vacated for resentencing absent the
career offender enhancement, in light of Dupree and Norman. In the alternative, an evidentiary hearing should be held so
that Bailey may further prove his meritorious ground for relief, resolve any disputed facts, and expand an incomplete
record.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 5/11/23

_Brent E. Bailey_
*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

1  BRENT EUGENE BAILEY
2  REG. NO. 24035-086
   FCI HERLONG
3  FEDERAL CORR. INSTITUTION
   P.O. BOX 800
4  HERLONG, CA 96113
5  Appearing *Pro Se*

6

7

8              UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  BRENT EUGENE BAILEY,              Civil No:  ___:23-cv _____

12                  Petitioner,

13  vs.                              **MEMORANDUM OF LAW IN
                                     SUPPORT OF APPLICATION FOR**
14                                   **WRIT OF HABEAS CORPUS**
    WARDEN, FCI Herlong,             **UNDER 28 U.S.C. §2241**
15
                    Respondent.
16

17      COMES Petitioner,  BRENT EUGENE BAILEY ("Bailey"), appearing *pro se*,

18  and in support of this memorandum would show as follows:

19

20              **I. JURISDICTION**

21

22      Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 2241, which confers

23  jurisdiction on district courts to issue writs of habeas corpus in response to a petition

24  from a state or federal prisoner who "is in custody in violation of the Constitution or

25  laws or treaties of the United States." 28 U.S.C. 2241(a) and (c)(3). A petition for

26  habeas corpus under 28 U.S.C. § 2241 must be filed in the district of confinement.  A

27  federal prisoner may also challenge the legality of his detention under § 2241 if he

28  falls within the "savings clause" of § 2255(e). See *Muth v. Fondren*, 676 F.3d 815 (9th

    Cir. 2012).

                                1

## II. STATEMENT OF THE GROUND FOR REVIEW

Whether, in light of *United States v. Dupree*, 25 F.4th 1341 (11th Cir. 2022) and *United States v. Norman*, 935 F.3d 232, 237-38 (4th Cir. 2019), Bailey's prior conviction of Conspiracy to Distribute Methamphetamine no longer qualifies as a "Controlled Substance" offense under the Career Offender Guidelines, requiring resentencing without the Career Offender Enhancement.

## III. STATEMENT OF THE CASE

### A.   Procedural Background

On April 4, 2012, a grand jury sitting in the United States District Court for the District of Montana, Great Falls Division returned a two (2) count Indictment charging Bailey. See Doc. 1.[1] Count 1 charged Bailey with Conspiracy to Possess with Intent to Distribute 50 Grams or More of Methamphetamine (Actual), in violation of 21 U.S.C. §§ 841(a) and 846. *Id.* Count 2 charged Bailey with Possession with Intent to Distribute 50 Grams or More Methamphetamine (Actual), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). *Id.*

On May 24, 2012, a Change of Plea Hearing was held and Bailey pleaded guilty to Count 1 of the Indictment pursuant a written Plea Agreement. See Docs. 19, 22.

On May 25, 2012, the Government filed an Information for Increased Punishment by Reason of Prior Felony Drug Conviction under 21 U.S.C. § 851. See Doc. 20.

On September 13, 2012, Bailey was sentenced to 312 months' imprisonment, 10 years of Supervised Release, no Fine or Restitution, and a Mandatory Special Assessment Fee of $100. See Doc. 25.

On August 23, 2013, Bailey filed a Motion under 28 U.S.C. § 2255 to Vacate,

---

[1]
  "Doc." refers to the Docket Report in the United States District Court for the District of Montana, Great Falls Division in Criminal No. 4:12-cr-00025-SEH-1, which is immediately followed by the Docket Entry Number. "PSR" refers to the Presentence Report in this case, which is immediately followed by the paragraph ("¶") number.

2

Set Aside or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). See Doc. 29.

On August 26, 2013, the Court issued an Order denying Bailey's § 2255 Motion. See Doc. 31.

### B.    Statement of the Facts

#### 1.    Offense Conduct

In pleading guilty, Bailey admitted that, on August 27, 2010, he "traveled to Spokane, Washington ... where he had agreed to purchase 4 ounces of methamphetamine from a female source of supply to bring back to Montana for distribution."Offer of Proof (See Doc. 21 at 5-6; See PSR ¶¶ 6-7); (Minutes See Doc. 22). Four ounces is 113.4 grams.

Bailey further agreed that "[t]he total quantity of pure methamphetamine was 104.9 grams," Offer of  Proof at 6 PSR ¶ 8, or, in other words, that the methamphetamine he purchased was about 92.5% pure. Bailey was subjected to a heightened maximum sentence of life in prison regardless of whether the drug quantity calculation was based on 104.9 grams of pure methamphetamine or 113.4 grams of a substance containing methamphetamine. See 21 U .S.C. § § 841 (b)( 1 )(B) & (viii), 851.

Further, because Bailey had not one but two prior felony drug trafficking convictions, he was designated a career offender. U.S.S.G. § 4B 1.1(a); See PSR ¶¶26, 37-38. And because the statutory maximum penalty he faced was life in prison, his offense level was elevated to 37. USSG § 4B 1.1(b)(I); PSR ¶ 26.

#### 2.    Plea Proceeding

On May 24, 2012, a Change of Plea Hearing was held before Judge Sam E. Haddon. See Doc. 22. Bailey pleaded guilty to Count 1 of the Indictment pursuant a written Plea Agreement. See Doc. 19. In exchange of his guilty plea, Bailey received 3-level reduction for his acceptance of responsibility, pursuant to §§ 3E1.1(a) and (b), and the Court dismissed the remaining count in the Indictment, pursuant to Rule 11(c)(1)(A) and (B), Federal Rules of Criminal Procedure. *Id*.

### 3.   Sentencing Proceeding

On September 13, 2012, a Sentencing Hearing was held before Judge Sam Haddon. See Doc. 25. The Court sentenced Bailey to a term of 312 months' imprisonment, followed by 10 years' Supervised Release. See Doc. 26. The court also waived his fine and ordered to pay a Mandatory Special Assessment Fee of $100. *Id.* No direct appeal was filed in this case.

### 4.   Postconviction Proceeding

On August 23, 2013, Bailey filed a § 2255 Motion. See Doc. 29. Bailey makes three claims of ineffective assistance of counsel: (1) that counsel wrongly coerced him to plead guilty to conspiracy "even though no other defendants were charged," Mot. § 2255 (See Doc. 29 at 4); (2) that counsel failed to contest the purity of the methamphetamine attributed to him, *id.* at 5-6; and (3) that counsel should have challenged the "disparity" between the guideline range of a mixture containing methamphetamine and pure methamphetamine, *id.* at 8.

In the Court's Order, they believed that counsel was not ineffective. Any challenge to the use of pure methamphetamine or to the alleged "disparity" would have had no effect whatever on Bailey's advisory guideline calculation. "[Trial counsel cannot have been ineffective for failing to raise a meritless objection." *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir.2005). Further, "at least two persons are required to constitute a conspiracy, but the identity of the other members of the conspiracy is not needed, in as much as one person can be convicted of conspiring with persons whose names are unknown." *Rogers v. United States*, 340 U.S. 367,375 (1951)(citing cases). The Court found that, Bailey's claims lack merit.

As such, the Court denied his § 2255 Motion and a certificate of appealability on August 26, 2013. See Doc. 31.

### IV. COGNIZABLE CLAIMS UNDER 28 U.S.C. § 2241

A federal prisoner may attack the validity of his conviction in a § 2241 petition if he can meet the requirements of § 2255(e)'s savings clause. See *Muth v. Fondren*, 676 F.3d 815 (9th Cir. 2012). The prisoner bears the burden of showing that the remedy

4

under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255(e); *Alaimalo v. U.S.*, 636 F.3d 1092 (9th Cir. 2011). A petitioner's inability to meet the procedural requirements of § 2255 is insufficient to meet this burden. See *Pack*, 218 F.3d at 452-53. Rather, a prisoner who wishes to proceed under the savings clause must establish that his claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that the claim "was foreclosed by circuit law at the time when the claim should have been raised." *Reyes-Requena*, 243 F.3d at 904. A petition for habeas corpus under 28 U.S.C. § 2241 must be filed in the district of confinement. See *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). This Court has jurisdiction to hear a habeas corpus petition under 28 U.S.C. § 2241 because it is the closest U. S. District Court to where Bailey is incarcerated.

Recently, in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), the Fourth Circuit concluded that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. See *Wheeler*, 886 F.3d at 429.

The Solicitor General, on behalf of the United States, filed a petition for a writ of certiorari challenging the holding in *Wheeler*. In the government's petition, the Solicitor General wrote that "[t]he government recognizes that adherence to the statutory text [of § 2255(h)] may lead to harsh results in some cases[,]" and explained that "[t]he Department of Justice is working on efforts to introduce legislation that would enable some prisoners to benefit from the later-issued, non-constitutional rules announced by [the Supreme] Court. See Gov't. Petition For a Writ of Certiorari at 22-23, *United States v. Wheeler*, (No. 18-420) (Oct. 3, 2018). On March 18, 2019, the

U. S. Supreme Court in an Order denied certiorari in *Wheeler*. As such, the high Court denied the Solicitor General's challenge to *Wheeler* and *Wheeler* is now final.

A petitioner may test the legality of his detention under § 2241 through the § 2255(e) savings clause where the target of the petition is a sentence enhancement, not a conviction, by showing that he is "actually innocent." See *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). Where a petitioner asserts factual innocence of his crime of conviction due to a change of law, he may show that his remedy under § 2255 is inadequate or ineffective by satisfying four conditions: (1) "the existence of a new interpretation of statutory law," (2) "issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions," (3) that is retroactive, and (4) applies to the petition's merits such that it is "more likely than not that no reasonable juror would have convicted" the petitioner. *Hill,* 836 F.3d at 595.

## V. DISCUSSION

As a preliminary matter, Bailey respectfully requests that this Court be mindful that *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 611 F.3d 1202 (9th Cir. 2010); *Estelle v. Gamble*, 429 U.S. 97 (1976)(same); and *Haines v. Kerner*, 404 U.S. 519 (1972)(same).

**In Light *of United States v. Dupree*, 25 F.4th 1341 (11th Cir. 2022) and *United States v. Norman*, 935 F.3d 232, 237-38 (4th Cir. 2019), Bailey's Prior Conviction of Conspiracy to Distribute Methamphetamine No Longer Qualifies As A "Controlled Substance" Offense Under the Career Offender Guidelines, Requiring Resentencing Without the Career Offender Enhancement.**

Here, Bailey asserts factual innocence of his sentence enhancement due to a change of law. As such, Section 2255 is inadequate or ineffective because of: (1) the existence of new interpretation of statutory law in *Dupree* and *Norman*, (2) which were issued after Bailey had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) that is retroactive, and (4) applies

to the petition's merits such that it is more likely than not that no reasonable trier of fact would have enhanced his sentence. See *Wooten*, 677 F. 3d at 307–08.

Precedent caselaw "establishes that new [Supreme Court] decisions interpreting federal statutes that substantively define criminal offenses automatically apply retroactively." See *Schriro v. Summerlin*, 542 U.S. 348, 351-2 (2004) ("New substantive rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms . . . .") (citing *Bousley v. United States*, 523 U.S. 614, 620-21 (1998)). Such interpretative decisions "decid[e] for the entire country how courts should have read the statute since it was enacted." *Kenemore*, 690 F.3d at 641. They apply retroactively because they "necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal . . . ." *Schriro*, 542 U.S. at 352 (quoting *Bousley*, 523 U.S. at 620) (quotation marks omitted).

In this case, the District Court erred in determining that Bailey was a career offender within the meaning of USSG § 4B1.1(a), which provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Bailey was over 18 years of age when he committed this offense, and it was a controlled substance offense within the meaning of USSG § 4B1.1(a). His sentence was therefore subject to being enhanced under the "Career Offender" Guidelines provision, § 4B1.1, if he had "at least two prior felony convictions of either a controlled substance offense or a crime of violence." The PSR construed USSG § 4B1.2, which defines a "controlled substance offense" and a "crime of violence."

Bailey was sentenced as a career offender because before he was convicted in

federal court of the present offense, Bailey was previously convicted of the following offenses:

(1)   On or about 11/18/1994: Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), in the United States District Court for the Western District of Washington, Case Number: CR94-5072T; and

(2)   Possession with Intent to Distribute [Controlled Substance], in Montana.

Here, Bailey contests that he has at least two prior felony convictions of either a "crime of violence" or a "controlled substance offense," explained as follows:

### *Conspiracy to Distribute Methamphetamine*

Generally speaking, federal habeas corpus petitioners may not rely on new rules of criminal procedure handed down after their convictions have become final on direct appeal. New substantive rules generally apply retroactively, while new rules of criminal procedure are generally not retroactively applicable on collateral review. *Schriro v. Summerlin*, 542 U.S. 348, 351-52, 124 S. Ct. 2519, 2522-23 (2004). See also, *U.S. v. Thomas*, 627 F.3d 534 (4th Cir. 2010)

In *Dupree*, the Court agreed to rehear Mr. Dupree's appeal *en banc*, vacating the panel's prior unpublished Opinion. The panel, in affirming Mr. Dupree's sentence, found itself bound by the Court's opinion in *United States v. Weir*, 51 F.3d 1031 (11th Cir. 1995).

Dupree pled guilty to one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); one count of conspiracy to possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 846; and one count of carrying a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Before his sentencing, a probation officer prepared a PSR. The PSR reported that Dupree had two previous convictions for controlled substance offenses. The PSR considered Dupree's § 846 conspiracy conviction to be his third controlled substance offense. Together, these three offenses qualified Dupree for the career offender enhancement under § 4B1.1(a)

8

1 of the Sentencing Guidelines.

2      Dupree objected to the enhancement, arguing that inchoate crimes such as his

3 § 846 conspiracy conviction did not qualify as a controlled substance offense. He

4 argued that without his § 846 conspiracy conviction serving as his third qualifying

5 offense he could not be sentenced as a career offender. The district court overruled

6 Dupree's objection and applied the enhancement. Based on considerations including

7 Dupree's youth and difficult upbringing, as well as his serious medical conditions

8 including paralysis from waist down, the District Court varied downward from the

9 guideline range and sentenced Dupree to 106 months' imprisonment.

10      On appeal, Dupree renewed his argument that his § 846 conspiracy conviction

11 did not count as a controlled substance offense. He pointed to the plain language of

12 § 4B1.2, which omitted inchoate offenses from the definition of "controlled substance

13 offense." He acknowledged that the commentary to §4B1.2—specifically Application

14 Note 1—included inchoate crimes in the definition. But he argued that Application

Note 1 was unenforceable because it was inconsistent with § 4B1.2's plain text.

15      The panel rejected Dupree's argument. *Dupree*, 849 F. App'x at 912. It relied

16 on *Weir*, in which "we held that conspiracy to possess with intent to distribute

17 marijuana was a controlled substance offense within the meaning of the career

18 offender enhancement." *Id.* (citing *Weir*, 51 F.3d at 1031–32). The panel further noted

19 that in *Smith*, decided after *Weir*, we "held . . . that [A]pplication [N]ote 1 to . . . §

20 4B1.2 'constitutes a binding interpretation of the term controlled substance offense.'"

21 *Id.* (quoting *Smith*, 54 F.3d at 693). This precedent, the panel concluded, bound it to

22 affirm Dupree's sentence. *Id.*

23      Dupree petitioned for, and the Court granted, rehearing *en banc* to revisit their

24 precedent.

25   **A.    The Commentary Cannot Expand the Interpretation of**
        **Unambiguous Sentencing Guidelines.**

26

27      The Supreme Court examined whether courts are bound by the commentary's

28 interpretation of the Guidelines in *Stinson v. United States*, 508 U.S. 36 (1993). The

9

1   Court began by explaining that "[t]he Sentencing Reform Act of 1984 . . . created the
2   Sentencing Commission . . . and charged it with the task of establishing sentencing
3   policies and practices for the Federal criminal justice system." *Id.* at 40–41 (alterations
4   adopted) (internal quotation marks and citations omitted). "The Sentencing
5   Commission promulgate[d] the [G]uidelines by virtue of an express congressional
6   delegation of authority for rule making" just as federal administrative agencies
7   promulgate regulations. *Id.* at 44. The Court then analogized the Guidelines'
8   commentary to "an agency's interpretation of its own legislative rules." *Id.* at 45
9   ("[T]he [G]uidelines are the equivalent of legislative rules adopted by federal
10  agencies. . . . [T]his type of commentary is akin to an agency's interpretation of its
11  own legislative rules."). Guided by this analogy, the Court determined that the
12  commentary should receive the same level of deference given to an agency's
13  interpretation of its own rules, deference the Court first described in *Bowles v.*
    *Semi-nole Rock & Sand Co. Id.*

14      *Seminole Rock* instructed that when considering how to treat an issuing
15  agency's interpretation of a regulation, a court initially should consider whether "the
16  meaning of the [regulation] is in doubt." *Bowles v. Seminole Rock & Sand Co.*, 325
17  U.S. 410, 414 (1945). If the meaning is in doubt—if the regulation is ambiguous—the
18  Court can then consider the issuing agency's interpretation of the regulation. *Id.* At
19  that point, the Court should afford the agency's construction of its own regulation
20  "controlling weight" unless it is "plainly erroneous or inconsistent with the
21  regulation." *Id.*

22      Relying on its decision in *Seminole Rock*, in *Stinson* the Supreme Court treated
23  the Sentencing Commission's commentary to the Guidelines like an agency's
24  interpretation of its own regulation: "it must be given 'controlling weight unless it is
25  plainly erroneous or inconsistent with'" the Guideline's text. *Stinson*, 508 U.S. at 45
26  (quoting *Seminole Rock*, 325 U.S. at 414). The Court explained that the Sentencing
27  Commission could resort to the commentary to interpret the Guidelines only "if the
28  [G]uideline which the commentary interprets will bear the construction." *Id.* at 46.

1  When the "commentary and the [G]uideline it interprets are inconsistent in that
2  following one will result in violating the dictates of the other, the Sentencing Reform
3  Act itself commands compliance with the [G]uideline." *Id.* at 43.

4      Four years after *Stinson*, the Supreme Court reaffirmed *Seminole Rock* in *Auer*
5  *v. Robbins*, 519 U.S. 452 (1997). In *Auer*, the Court concluded that the Secretary of
6  Labor's interpretation of a regulation issued by the Department of Labor was
7  "controlling" because it was not "plainly erroneous or inconsistent with the
8  regulation." *Id.* at 461 (internal quotation marks omitted).

9      A few years ago, the Supreme Court revisited *Auer* deference[2] and clarified the
10  proper application of the doctrine. In *Kisor v. Wilkie*, the Supreme Court examined
11  *Auer* deference in the context of an administrative agency's (the Department of
12  Veterans Affairs (VA)) interpretation of one of its regulations. 139 S. Ct. 2400,
13  2408–09 (2019). The Court reaffirmed Auer's "important role in construing agency
14  regulations" while also "reinforc[ing] its limits" and "cabin[ing] . . . its scope." *Id.* at
15  2408. It explained that Auer was "rooted in a presumption . . . that Congress would
16  generally want the agency to play the primary role in resolving regulatory
17  ambiguities." *Id.* at 2412. Therefore, the Court clarified, "only if a regulation is
18  genuinely ambiguous" should *Auer* deference be applied. *Id.* at 2414. To determine
19  whether ambiguity exists, courts first "must exhaust all the 'traditional tools' of
20  construction." *Id.* at 2415 (citing *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*,
21  467 U.S. 837, 843 n.9 (1984)). "If uncertainty does not exist" after applying these
22  tools, "there is no plausible reason for deference." *Id.*

23      With *Kisor*'s refined deference scheme in mind, we turn to whether we should
24  defer to the commentary in Application Note 1, which would supplement § 4B1.2's
25  definition of "controlled substance offense" to include inchoate offenses.

---

[2]

        Since the Supreme Court's decision in *Auer*, courts have referred to the doctrine of deference
to an administrative agency's interpretation of its regulations as both "*Seminole Rock*" and "*Auer*"
deference. For consistency, we use *Auer* throughout this opinion.

## B.    Section 4B1.2 Unambiguously Excludes Inchoate Offenses, So the Commentary's Interpretation Is Not Binding.

As *Kisor* instructs, with the text of § 4B1.2. After applying our traditional tools of statutory interpretation, the Court conclude that the plain language definition of "controlled substance offense" in § 4B1.2 unambiguously excludes inchoate offenses.

Section 4B1.2(b), entitled "Definitions of Terms used in Section 4B1.1," provides:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.

U.S. Sent'g Guidelines Manual § 4B1.2(b) (emphasis added). The definition does not mention conspiracy or attempt or any other inchoate crimes. The exclusion of inchoate crimes from the definition of what the term "means" is a strong indicator that the term does not include those offenses. A "definition which declares what a term 'means' excludes any meaning that is not stated." *Burgess v. United States*, 553 U.S. 124, 130 (2008) (alterations adopted) (internal quotation marks omitted); see *United States v. Nasir*, 17 F.4th 459, 471 (3d Cir. 2021) (*en banc*) ("The guideline does not even mention inchoate offenses. That alone indicates it does not include them."); *United States v. Winstead*, 890 F.3d 1082, 1091 (D.C. Cir. 2018) ("Section 4B1.2(b) presents a very detailed 'definition' of controlled substance offense that clearly excludes inchoate offenses."). We agree with the *en banc* Sixth Circuit's observation, in overruling its prior precedent to the contrary, that "[t]o make attempt crimes a part of § 4B1.2(b), the Commission did not interpret a term in the guideline itself—no term in § 4B1.2(b) would bear that construction." *United States v. Havis*, 927 F.3d 382, 386 (6th Cir. 2019) (*en banc*). Instead, the Commission purported "to add an offense not listed in the [G]uideline." *Id.* (emphasis in original).

The lack of any reference to conspiracy or attempt crimes stands in stark contrast to the other definition found in § 4B1.2. In defining "crime of violence," the

Sentencing Commission included "any offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S. Sent'g Guidelines Manual § 4B1.2(a)(1) (emphasis added).

With this definition, the Sentencing Commission demonstrated that it knew how to include attempted conduct in addition to the conduct itself when it meant to do so. A drafting body such as the Sentencing Commission "generally acts intentionally when it uses particular language in one section . . . but omits it in another." *Dep't of Homeland Sec. v. MacLean*, 574 U.S. 383, 391 (2015). This "interpretive cannon . . . applies with particular force" where the provision that includes specific language is in "close proximity" to the provision that excludes it. *Id.* at 392. That is true here. The definitions of "crime of violence"—which includes offenses involving the use of physical force as well as the attempted use of physical force—and "controlled substance offense"—which does not include attempt at all—are sister subsections within the same Guideline provision. Because of their proximity, we must infer that the Sentencing Commission intentionally excluded inchoate offenses from the definition of controlled substance offense.[3] See *Nasir*, 982 F.3d at 471 (explaining that because § 4B1.2(b) "does not even mention inchoate offenses," but § 4B1.2(a) "explicitly include[s] inchoate crimes" in its definition of "crime of violence," § 4B1.2(b) unambiguously omits inchoate crimes).

The Court concluded that the text of § 4B1.2(b) unambiguously excludes inchoate crimes. Under *Kisor*, that concludes their analysis, and they have no need to consider, much less defer to, the commentary in Application Note 1.

In sum, the definition of "controlled substance offense" in § 4B1.2(b) of the Sentencing Guidelines does not include inchoate offenses like conspiracy and attempt. To the extent that this holding conflicts with our prior precedent, that precedent is overruled. The District Court erred by sentencing Dupree as a career offender because

---

[3] We acknowledge that § 4B1.2(a)(1)'s definition of crime of violence includes attempted offenses but not conspiracy offenses. Nonetheless, the crime of violence definition demonstrates that the Sentencing Commission knew how to—and of the need to—address inchoate crimes explicitly.

1  his **conspiracy conviction under 21 U.S.C. § 846 was not a controlled substance**
2  **offense**. The Eleventh Circuit vacated Dupree's sentence and remand for resentencing.

3        See also, *United States v. Norman*, 935 F.3d 232, 237-38 (4ᵗʰ Cir. 2019) held
4  that **conspiracy under 21 U.S.C. § 846 is not a "controlled substance offense."**
5  Bailey argues that the reasoning in *Norman* extends to the conclusion that a RICO
6  conspiracy involving underlying drug offenses similarly cannot be a "controlled
7  substance offense" under USSG § 4B1.2(b ).

8        Specifically, the *Norman* court reaffirmed the principle that although USSG §
9  4B1.2 extended to certain conspiracy offenses, "'an overt act is an element of the
10  generic definition of 'conspiracy' as incorporated into § 4B1.2." *Id*. at 237 (quoting
11  *United States v. McCollum*, 885 F.3d 300, 308 (4ᵗʰ Cir. 2018)). In contrast,
12  "'conspiracy' under § 846 does not require an overt act." *Id*. at 238 (citing *United*
13  *States v. Shabani*, 513 U.S. 10, 11 (1994)). Thus the Fourth Circuit concluded that "a
14  'conspiracy' conviction under § 846 is a categorical mismatch to the generic crime of
    conspiracy enumerated in § 4B1.2(b)" and could not be the subject of a career offender
15  enhancement. *Id*. at 239.

16        Like § 842, "the RICO conspiracy statute contains 'no requirement of some
17  overt act or specific act.'" *United States v. Cornell*, 780 F.3d 616, 624 (4ᵗʰ Cir. 2015)
18  (quoting *Salinas v. United States*, 522 U.S. 52, 63 (1997)): Thus, as with § 842, RICO
19  conspiracy cannot qualify as a "controlled substance offense" under USSG § 4B1.2
20  and cannot, therefore, be the type of "instant offense of conviction" that qualifies for
21  a career offender enhancement under the Guidelines. See USSG § 4B1.1(a) ("A
22  defendant is a career offender if [inter alia] ... the instant offense of conviction is a
23  felony that is either a crime of violence or a controlled substance offense."); see also
24  *United States v. Lisbon*, 276 F. Supp. 3d 456, 459 (D. Md. 2017) (holding based on
25  similar reasoning that "Lisbon's conviction for RICO conspiracy does not constitute
26  a 'controlled substance offense' subject to enhancement under the career offender
27  provision.").

28                                        14

Here, same decision should apply to Bailey because his 1994 methamphetamine conspiracy conviction does not qualify as a "controlled substance offense," within the definition of § 4B1.2, therefore, with only one qualified "controlled substance offense," Bailey could not be qualified as a Career Offender under the § 4B1.1 guidelines.

Without the career offender enhancement, Bailey's Base Offense Level would be 30, for "At least 50 G but less than 150 G of Methamphetamine (actual)," pursuant to USSG § 2D1.1(c)(5), less three (3) levels for acceptance of responsibility, yields a Total Offense Level of 27 and a Criminal History Category of VI. Based upon a Total Offense Level of 27 and a Criminal History Category of VI, the correct guideline imprisonment range is 130 to 162 months.

Finally, Bailey asserts that the increase in the calculation of his sentencing range based on the career offender enhancement, may have resulted in a longer sentence. If so, this could be deemed a miscarriage of justice.

## VI. CONCLUSION

For the above and foregoing reasons, Bailey's sentence should be vacated for resentencing without the career offender enhancement, in light of *Dupree* and *Norman*. In the alternative, an evidentiary hearing should be held so that Bailey may further prove his meritorious ground for relief, resolve any disputed facts, and expand an incomplete record.

Respectfully submitted,

Dated: May 11, 2023

BRENT EUGENE BAILEY
REG. NO. 24035-086
FCI HERLONG
FEDERAL CORR. INSTITUTION
P.O. BOX 800
HERLONG, CA 96113

15

BRENT EUGENE BAILEY
REG. NO. 24035-086
FCI HERLONG
FEDERAL CORR. INSTITUTION
P.O. BOX 800
HERLONG, CA 96113

May _11_, 2023

Mr. Keith Holland
Clerk of Court
U.S. District Court
Eastern District of California
Redding Division
2986 Bechelli Lane
Redding, CA  96002

> RE:   *Bailey v. Warden, FCI Herlong*
> Civil No. ___:23-cv-_____
> Crim No. 4:12-cr-00025-SEH-1

Dear Mr. Holland:

 Enclosed please find and accept for filing Petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Memorandum of Law in Support. Please submit these documents to the Court. The five dollar ($5.00) filing fee will be forthcoming as soon as the § 2241 Petition is docketed by the Court.

 Thank you for your assistance in this matter.

Sincerely,

*Brent Eugene Bailey*

BRENT EUGENE BAILEY
Appearing *Pro Se*

*Encl. as noted*