UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT EUGENE BAILEY,<br><br>　　　　Petitioner,<br><br>　v.<br><br>WARDEN, FCI HERLONG,<br><br>　　　　Respondent. | No.  2:23-cv-01087-EFB (HC)<br><br><br>ORDER |

Petitioner is a federal prisoner proceeding without counsel in this petition for writ of habeas corpus brought under 28 U.S.C. § 2241.  ECF No. 1.  The court has reviewed the petition and finds that the petition must be dismissed with leave to amend.

**I.    Background**

Petitioner is confined in federal prison at FCI Herlong.  ECF No. 1.  He alleges that he should be resentenced because, under cases from the Eleventh and Fourth Circuits dating from after his sentencing, he is no longer subject to a career offender enhancement.  *Id.*

**II.    The Petition**

　A. *Screening Standards for § 2241 Petitions*

United States District Courts have authority under 28 U.S.C. § 2241 to grant petitions for writ of habeas corpus to federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c).  The court should award the writ or issue an

order to the respondent to show cause why the writ should not be granted "unless it appears from the application that the applicant or person detained is not entitled" to relief. 28 U.S.C. § 2243. If it appears that the petitioner is not entitled to relief, the court may dismiss the petition. *Ruby v. United States*, 341 F.2d 585, 586-87 (9th Cir. 1965). For the reasons that follow, it is apparent from the application itself that petitioner is not entitled to relief and the petition must be dismissed.

      B. *Analysis*

Petitioner concedes that he has already filed a motion under 28 U.S.C. § 2255. He seeks to invoke the savings clause of § 2255(e) on the ground that, due to changes to the statutory interpretation of career offender designation under the U.S. Sentencing Guidelines, he is not subject to enhanced sentencing as a career offender.

Under § 2255, a federal prisoner who claims that his sentence was imposed in violation of the Constitution or laws of the United States may "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Generally, a motion under 28 U.S.C. § 2255 is the exclusive means by which a prisoner may test the legality of his detention; and that restrictions on the availability of a § 2255 motion cannot be avoided by instead filing a petition under 28 U.S.C. § 2241. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).

However, a federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence "if, and only if, the remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (citation and internal quotation marks omitted); 28 U.S.C. § 2255(e). This so-called "savings clause" "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones v. Hendrix*, 599 U.S. ___, 143 S. Ct. 1857, 1868 (2023). Until recently, circuit courts were split on whether a prisoner could use a § 2241 petition under the savings clause if the petition asserted an intervening change in statutory interpretation. *See id.* at 1864.

////

In *Jones,* the Supreme Court resolved this split of authority, holding that the savings clause in § 2255(e) "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Id.* at 1864. *See also Johnson v. Doer*, No. EDCV 23-01261 DOC (RAO), 2023 U.S. Dist. LEXIS 206677 (C.D. Cal. Nov. 17, 2023) (*Jones* required dismissal of § 2241 petition alleging changed interpretation of career offender provisions of sentencing guidelines).

### III.  Order

Accordingly, it is hereby ORDERED that the petition for relief under 28 U.S.C. § 2241 be summarily dismissed. Petitioner is granted 30 days leave to file an amended petition attempting to cure the defect identified in this order.

Dated: April 24, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE